All the judges present, except Ban J. Summary process on an indorsed note by the indorsee against the indorser. ' The process set forth that Webster and Fleming made the note in question, pay. able to the defendant, who indorsed it to the plaintiff, and that by reason thereof the defendant became liable to pay the same ; but there was no allegation of a demand on the makers of the note, or of a refusal by them to pay the same.
At the trial in Richland ^District Court, before Beevaed, J., it appeared by receipts indorsed on the note, that one dollar was paid at one time, and several dollars afterwards, at another time, subsequently to the indorsement, but by whom the payments were made, did not appear. The defendant’s counsel insisted, that the presump, tion was the payments were made by the makers, and that plaintiff had given them a new credit, which discharged the indorser.
But from circumstances, it appeared this presumption had no foundation. It was proved by the plaintiff, that the makers had absconded about the time of the indorsement, and were notoriously insolvent, and that the plaintiff took the note entirely on the foot of the indorsement. That the makers had gone, it was not known where. BbevaRP, J., decreed fer the plaintiff,
Note. See IT. R. 408. Bull. N. P. 271.
Quere. If the motion had been to arrest the judgment?
Eg aw, moved in this court, to reverse the decree, because the objection to the process ought to have been sustained. 2. Because plaintiff had not given notice to the defendant that the makers of the note had failed to pay it. 3. That plaintiff had given a new credit to the makers after'the indorsement, by which defendant was discharged.
The whole court were satisfied the decision of the District Court was right, and refused to reverse the decree. The omission in the process of stating a demand on the makers, and notice to the indor-ser, should have been objected to by plea, and could not avail on motion for a nonsuit; because, although the process did not contain such statement, yet, the evidence given at the trial was sufficient to manifest the plaintiff’s right to recover, on the ground of his having used all the diligence that was incumbent on him to have used, to obtain payment from the makers, under the circumstances of the case.
The other grounds were equally unsupported.